## HORDES v. KESSNER.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

NEGLIGENCE ☞134(5)—EVIDENCE—SUFFICIENCY.

Evidence *held* insufficient to show defendant's negligence as to an open cellar door in front of her store, where plaintiff fell through it after noticing it when entering the store and being warned by defendant upon leaving.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267, 268, 271; Dec. Dig. ☞134(5).]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Rosie Hordes against Ida Kessner. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Abraham Midonick, of New York City, for appellant.

Abraham Vogel, of New York City (Morris Zwerling, of Brooklyn, of counsel), for respondent.

PER CURIAM. Plaintiff has recovered a judgment for personal injuries alleged to have been received under the following circumstances as detailed by her. She visited defendant's store for the purpose of purchasing a pair of shoes for her little girl. The girl tried on a pair which did not suit, and plaintiff stepped out the store door to examine some shoes in the show window. As she walked along, a door opening into a cellar was open, and she fell and received the injuries complained of. The defendant testified that there were two doors covering

the opening into the cellar, and that just as the plaintiff was about to enter the store some person had just gone into the cellar. The defendant, who kept the store and waited upon customers, stood outside and near the door, guarding the entrance to the cellar, and told plaintiff she would wait on her as soon as the man came out of the cellar. After waiting awhile she closed one door and went into the store to attend to plaintiff. She further testifies that, as the plaintiff went out the store door to look at the shoes in the store window, she cautioned plaintiff to look out for the opened cellar door, as the man was still down there. That she gave the plaintiff such warning is corroborated by a disinterested witness, who heard it, and is not disputed by plaintiff. The day was bright and sunny, and the door in full view of plaintiff. She saw the open cellar doors when she entered the store, and was warned of the danger when she attempted to examine the goods in the window. Under the undisputed testimony no negligence can be attributed to the defendant.

Judgment reversed, and new trial ordered, with $30 costs to the appellant to abide the event.